UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.    23cr10099 |
| ) | |
| v. ) | Violations: |
| ) | |
| CHRISTOPHER GARRATY, ) | <u>Counts One–Four</u>: |
| ) | Tax Evasion |
| Defendant. ) | (26 U.S.C. § 7201) |
| ) | |
| ) | <u>Counts Five–Seven</u> |
| ) | Failure to File |
| ) | (26 U.S.C. § 7203) |
| ) | |
| ) | |

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times material to this Indictment:

### Introduction

1. Defendant CHRISTOPHER GARRATY resided in Newport and East Greenwich, Rhode Island.

2. Defendant GARRATY's principal place of business was in Massachusetts.

3. Defendant GARRATY worked in New Bedford, Massachusetts as a commercial fisherman and deckhand for various companies, for which he received substantial compensation.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States, and collecting taxes owed to the United States.

1

5. To accomplish its mission, the IRS used, among other means, various forms, returns, and return information that taxpayers and employers were required to file pursuant to the tax laws of the United States.

6. In the commercial fishing industry, companies paid compensation to deckhands like defendant GARRATY as non-employee independent contractors and were required by law to file directly with the IRS at year end Forms 1099-MISC documenting, on Line 5, as "Fishing boat proceeds," any compensation they paid to fishermen in excess of $600.

7. Companies typically also provided copies of the filed Form 1099-MISC to fisherman such as defendant GARRATY, so that they could prepare and file their own individual tax returns, such as Forms 1040. If their gross income was in excess of the minimum filing requirement set by law for each year, fishermen were required to file and report their total income, any allowable deductions, and their tax liability.

8. Despite receiving substantial income well in excess of the minimum tax return filing requirements, as well as Forms 1099-MISC documenting that income from the fishing companies who paid him, defendant GARRATY failed to file individual tax returns for at least tax years 2015 through 2018, and failed to pay any tax on this income.

9. Defendant GARRATY did file and self-assess taxes due and owing for calendar years 2007 through 2011. GARRATY failed to pay in full the taxes due and owing on the income he reported.

### Defendant's Tax Evasion

10. From in or about 2015 through 2018, defendant GARRATY attempted to evade income taxes due and owing on approximately $900,000 in income he received as a commercial fisherman across calendar years 2007 through 2011, and 2015 through 2018.

11. In 2012, defendant GARRATY worked with an accountant to file delinquent tax returns for calendar years 2007 through 2011, for which taxes due and owing were assessed.

12. Defendant GARRATY failed to make payments to the IRS and continued to accrue interest and penalties on this outstanding balance.

13. In or about 2018, the IRS placed a levy on defendant GARRATY's fishing income in an effort to collect the outstanding tax balance. After the levy was placed, GARRATY contacted the IRS in an effort to remove the levy. Ultimately, GARRATY did not pay the outstanding tax balance, and provided a false address to the IRS.

14. Defendant GARRATY has failed to file an individual tax return for calendar years 2015 through 2018, despite continuing to earn taxable income upon which there was a substantial tax due and owing.

15. It was part of the tax evasion that defendant GARRATY, in order to thwart IRS collection of his past outstanding taxes due, and to evade the payment of his income taxes for 2015 through 2018, cashed his paychecks at the issuing banks in order to conceal the source and disposition of income he earned as a fisherman.

16. It was further part of the tax evasion that defendant GARRATY, after cashing paychecks in amounts greater than $10,000, would then deposit a portion of that cash, in amounts less than $10,000, into his personal bank account. Defendant failed to deposit a substantial portion

of the cash from his paychecks, using the cash to fund his lifestyle as a way to further conceal his financial activity.

## COUNT ONE
Tax Evasion
(26 U.S.C. § 7201)

The Grand Jury further charges that:

17.     Paragraphs 1 through 16 of this Indictment are incorporated by reference herein.

18.     From in or about April 2017, through on or about December 19, 2018, in the District of Massachusetts and elsewhere, the defendant,

CHRISTOPHER GARRATY,

willfully attempted to evade and defeat a substantial income tax due and owing by him to the United States of America, for the calendar years 2007 through 2011, by committing the following affirmative acts, among others: (1) cashing income checks to conceal the nature, source, and disposition of the payments he received; (2) depositing a portion of the cashed checks into his personal bank account in amounts less than $10,000, in order to conceal the check-cashing activity; (3) using cash to pay for personal expenditures; and (4) providing a false address to the Internal Revenue Service.

All in violation of Title 26, United States Code, Section 7201.

## COUNTS TWO – FOUR
### Tax Evasion
### (26 U.S.C. § 7201)

The Grand Jury further charges that:

19. Paragraphs 1 through 16 of this Indictment are incorporated by reference herein.

20. During the calendar years set forth in the table below, the defendant,

### CHRISTOPHER GARRATY,

received taxable income, upon which there was a substantial tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before the dates set forth below, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, GARRATY, from on or about January of each calendar year to on or about the tax return due dates for each calendar year as set forth in the table below, in the District of Massachusetts and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, by committing the following affirmative acts, among others: (1) cashing income checks to conceal the nature, source, and disposition of the payments he received; (2) depositing a portion of the cashed checks into his personal bank account in amounts less than $10,000, in order to conceal the check-cashing activity; and (3) using cash to pay for personal expenditures:

| Count | Tax Year | Date Return Due |
|-------|----------|-----------------|
| 2     | 2016     | April 18, 2017  |
| 3     | 2017     | April 17, 2018  |
| 4     | 2018     | April 15, 2019  |

All in violation of Title 26, United States Code, Section 7201.

## COUNTS FIVE – SEVEN
### Failure to File
### (26 U.S.C. § 7203)

The Grand Jury further charges:

21. Paragraphs 1 through 16 of this Indictment are incorporated by reference herein.

22. During the calendar years set forth in the table below, the defendant,

### CHRISTOPHER GARRATY,

had and received gross income in excess of the filing threshold set by statute. By reason of such income, GARRATY was required by law, following the close of the calendar years, and on or before the dates set out below, to make an income tax return to the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, GARRATY did willfully fail, on or about the dates listed below, in the District of Massachusetts and elsewhere, to make an income tax return.

| Count | Calendar Year | Filing Deadline |
|---|---|---|
| 5 | 2016 | April 18, 2017 |
| 6 | 2017 | April 17, 2018 |
| 7 | 2018 | April 15, 2019 |

All in violation of Title 26, United States Code, Section 7203.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

DAVID A. HUBBERT
Deputy Assistant Attorney General
United States Department of Justice, Tax Division

By: _____
JOHN N. KANE, JR.
Assistant Chief, Northern Criminal Enforcement Section

By: _____
MATTHEW L. COFER
Trial Attorney, Northern Criminal Enforcement Section

DISTRICT OF MASSACHUSETTS: April 6th, 2023

Returned into the District Court by the Grand Jurors and filed.

_____  3:47 pm
DEPUTY CLERK